ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 2 2005

CLERK, U.S. DISTRICT COURT
BY _____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRESTON EDWARD BROWN JR., | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:04-CV-0870-Y |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Preston Edward Brown Jr., TDCJ-ID #1040179, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.  **FACTUAL AND PROCEDURAL HISTORY**

In September 1998, Brown was charged by separate indictment in Tarrant County with aggravated sexual assault and sexual assault of a child. (1State Habeas R. at 41; 2State Habeas R. at 38.)[1] On February 11, 1999, pursuant to a plea bargain agreement, Brown pled guilty to count one in each indictment and was placed on ten years' deferred adjudication community supervision. (1State Habeas R. at 42-50; 2State Habeas R. at 47.) Apparently, Brown did not directly appeal the deferred adjudication judgments; thus the judgments became final under state law thirty days later on March 13, 1999. (Resp't Preliminary Response at 2.) *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed); TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial).

Thereafter, on September 14, 2001, the trial court adjudicated Brown's guilt for the offenses and sentenced him to eight years' imprisonment in each case, the sentences to run concurrently. (1State Habeas R. at 57; 2State Habeas R. at 53.) Brown did not directly appeal the judgments adjudicating guilt; thus, the judgments adjudicating guilt became final thirty days later on October 14, 2001. (Petition at 3.) On November 19, 2003, Brown filed two state postconviction applications for writ of habeas corpus, one for each conviction, which were denied without written order on February 4, 2004. *Ex parte Brown*, Application Nos. 57,735-01 & 57,735-02, at cover. On August 23, 2004, Brown filed two more state applications for writ of habeas corpus, which were dismissed

---

[1]"1State Habeas R." refers to the court record of Brown's state habeas application no. 57,735-01; "2State Habeas R." refers to the court record of his state habeas application no. 57,735-02.

2

as successive on September 29, 2004. *Ex parte Brown*, Application Nos. 57,735-03 & 57,735-04, at cover. Brown filed the instant federal petition for writ of habeas corpus on December 14, 2004.[2] Pursuant to an order dated December 27, 2004, Dretke has filed a preliminary response with supporting documentary exhibits addressing only the issue of whether the petition is timely, to which Brown has replied.

**D.     ISSUES**

Brown raises two grounds for relief in which he alleges his convictions violate double jeopardy protections. (Petition at 7.)

**E.     STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The question of when the federal statute of limitations commences regarding claims arising before or related to the original plea or the plea proceedings in the deferred adjudication context was addressed in this magistrate judge's findings, conclusions, and recommendation in *Jimenez v. Cockrell*, 2003 WL 21321256, at *3-4 (N.D. Tex. May 19, 2003) (not designated for publication). In that case, the undersigned concluded that the statute of limitations begins for purposes of § 2244(d)(1)(A) when a Texas state court's deferred adjudication judgment or order becomes final by the conclusion of direct review or the expiration of the time for seeking such review, notwithstanding the fact that there has been no determination of guilt.[3]

Brown appears to argue that, in violation of double jeopardy protections, the offense he was convicted for in cause no. F9868684 in Dallas County actually occurred in Tarrant County and is "identical in law and fact" to the two offenses he was convicted for in cause nos. 0699112 and 0699116 in Tarrant County.[4] (Petition at 7; Pet'r Brief in Support at 6.) He therefore urges that the

---

[3]The record does not reflect that any unconstitutional "State action" impeded Brown's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to Brown's claims or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

[4]Brown asserts that in 1998 he was charged with sexually assaulting his step-daughter in cause nos. F9868684 and F9802408 in Dallas County, Texas, and, on November 5, 1998, he pled
(continued...)

4

Dallas County conviction was a "jeopardy bar" to prosecution in Tarrant County. (Pet'r Brief in Support at 3.) Because Brown's claims involve alleged facts or events occurring before, or related to, the original plea or the original plea proceedings, the one-year limitations period ran from the date on which the judgments placing him on deferred adjudication community supervision became final by the conclusion of direct review or the expiration of the time for seeking such review on March 13, 1999. 28 U.S.C. § 2244(d)(1)(A). Thus, Brown had until March 13, 2000, absent any applicable tolling, within which to timely file his federal petition. Brown's state habeas applications filed after limitations had expired did not operate to toll the limitations period.[5] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Brown asserted a valid reason to justify his failure to timely file his federal habeas corpus petition, and the record reveals none. Therefore, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.[6] *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, Brown's petition, filed on December 14, 2004, is untimely.

---

[4](...continued)
guilty to the offenses and received ten years' deferred adjudication community supervision. (Pet'r Brief in Support at 2.) He contends he was served with copies of the Tarrant County indictments shortly thereafter on November 11, 1998. (*Id.*)

[5] Even if the court were to conclude that the limitations period commenced on October 14, 2001, the date the judgments adjudicating Brown's guilt became final, and expired one year later on October 14, 2002, it would not change this result.

[6] In support of equitable tolling, Brown contends he was "hindered" in filing his state applications for habeas corpus relief because the Tarrant County Clerk's Office failed to provide him with certified copies of the judgments adjudicating his guilt in cause nos. 0699112D and 0699116D. Difficulty obtaining records or copies, however, is a common problem among inmates who are trying to pursue post-conviction habeas relief and does not present an exceptional circumstance that warrants equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

5

## II. RECOMMENDATION

Brown's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 15, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 15, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 22, 2005.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE