IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PRESTON EDWARD BROWN, Jr., § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:04-CV-870-Y |
| § | |
| DOUGLAS DRETKE, Director, § | |
| T.D.C.J., Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S
FINDINGS AND CONCLUSIONS

In this action brought by petitioner Preston Edward Brown Jr. under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 22, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 21, 2005.[1]

The Court, after de novo review, concludes that Brown's objections to the magistrate judge's findings and conclusions as to the date from which the limitation period under 28 U.S.C. § 2244(d) should run are sustained, to the extent that a portion of the magistrate judge's report--page 4, first paragraph through page 5, first and second complete sentences--is not reached; but further

---

[1] As Brown's written objections are dated March 6, 2005, and post-marked from Amarillo, Texas on March 7, 2005, his objections, due to be filed by March 15, are deemed timely under the mailbox rule. *See Thompson v. Raspberry,* 993 F.2d 513, 515 (5th Cir. 1993)("[A] pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court").

concludes that Brown's remaining objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the remainder of the magistrate judge's report, and as set forth herein.

As noted by the magistrate judge, the applicable limitations period in this case is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A). In the underlying state criminal cases made the basis of this petition, the trial court, on February 11, 1999, initially deferred adjudication of guilt and entered unadjudicated judgments suspending the imposition of sentence. (*Ex parte Brown,* No. 57,735-01 at 46 (cause number 0699112D--aggravated sexual assault of a child under 14 years of age; *Ex parte Brown,* No. 57,735-02 at 43 (cause number 0699116D-sexual assault of a child under 17 years of age). Upon the state's petitions to proceed to adjudication of guilt in each case, the trial court entered, on September 14, 2001, a judgment adjudicating Brown guilty of aggravated sexual assault of a child under 14 years of age, and a judgment adjudicating him guilty of sexual assault of a child under 17 years of age, and imposed concurrent sentences of confinement of eight years. (No.57,735-01 at 57; No.57,735-02 at 53.) Brown did not file a direct appeal from either the February 11, 1999, unadjudicated judgments suspending the imposition of sentence, or the September 14, 2001, judgments adjudicating guilt.

In the instant § 2254 petition, Brown claims that his convictions were in violation of his right not to be subjected to double jeopardy. The magistrate judge concluded that, as Brown's claims arise from the original plea proceedings, the running of the § 2244(d)(1)(A) limitations period commenced when the time for direct review of the order deferring adjudication expired in 1999. The magistrate judge's conclusion on this issue stems from the fact that the courts of this, the Northern District of Texas, are split, having recognized two separate dates upon which to commence the running of limitations under 28 U.S.C. § 2244(d)(1)(A) on such procedural history--either after the time expires to appeal the deferral of adjudication,[2] or after the time expires to appeal the judgment adjudicating guilt.[3] In this case, however, whether the one-year period under 28 U.S.C. § 2244(d)(1)(A) could be said to end on March 13, 1999, or on October 14, 2001, Brown's petition

---

[2] *See Wilson v. Dretke,* No. 3:02-CV-2734K, 2005 WL 170718, at *2 (N.D.Tex. Jan. 21, 2005)(Kinkeade); *see also Wilkinson v. Cockrell,* 240 F.Supp. 2d 617, 621-22 (N.D.Tex. 2002)(McBryde). Under this analysis, the thirty days to seek direct review under 28 U.S.C. § 2244(d)(1)(A) would have expired on March 13, 1999.

[3] *See, e.g. Standridge v. Cockrell,* No.4:02-CV-462-Y, 2002 WL 31045977, at *3 (N.D.Tex. Sep. 10, 2002); *Crenshaw v. Cockrell,* No.4:01-CV-405-Y, 2002 WL 356513, at *5 (N.D.Tex. Mar. 5, 2002); *Daugherty v. Dretke,* No. 3:01-CV-202-N, 2003 WL 23193260, at 5-8 (N.D.Tex. Dec. 24, 2003), *findings and recommendation adopted,* 2004 WL 993822 (N.D.Tex. Feb. 12, 2004)(Godbey); *Jamme V. Cockrell,* No. 3:01-CV-1370-L, 2002 WL 1878403 at *3 (N.D.Tex. Aug. 12, 2002)(Lindsay); *Cutrer v. Cockrell,* No. 3:01-CV-841-D, 2002 WL 1398558, at *2-5 (N.D.Tex. June 26, 2002) (Fitzwater); *Smith v. Cockrell,* No.3-02-CV-0503-M, 2002 WL 1268016 at *2 (N.D.Tex. June 3, 2002)(Lynn); *Jordan v. Cockrell,* No.3:01-CV-1162-G, 2001 WL 1388015, at *2 (N.D.Tex. Nov. 6, 2001)(Fish); *see generally Duarte v. Dretke,* No. 3:03-CV-2463-D, 2005 WL 1025797, at *4-9 (N.D.Tex. April 29, 2005)(findings, conclusions, and recommendation not yet adopted)(collecting cases and updating analysis based upon recent Fifth Circuit cases). Under the analysis assuming the expiration of time after the adjudication of guilt, the thirty days to seek such direct review under 28 U.S.C. § 2244(d)(1)(A) in this case would have expired on October 14, 2001.

under § 2254 was filed too late. In this regard, assuming the later limitations commencement date of October 14, 2001, Brown would have had until October 14, 2002, to file.  Brown did not file this federal petition until December 2004.

If a state prisoner files an application for state post-conviction or other collateral review, the time taken to pursue that remedy is not counted against the one-year limitation period.[4] Thus, for each day that a properly filed application for state post-conviction or other collateral review is pending, the limitations period is extended.  Petitioner Brown, however, did not file the first state applications for writ of habeas corpus challenging his convictions until November 19, 2003, over a year *after* the one-year limitation period had expired. Thus, the tolling provision of 28 U.S.C. § 2244(d)(2) does not apply, and the time that Brown's state applications for writ of habeas corpus were pending does not extend the one-year limitations period of § 2244(d)(1).[5] So, without reaching the magistrate judge's recommendation that the limitations period under 28 U.S.C. § 2244(d)(1)(A) should run from thirty days after the deferred adjudication proceedings, but instead applying the later limitations commencement date analysis that the § 2244(d)(1)(A) limitation period began thirty days after the judgments adjudicating guilt, this petition was filed beyond the expiration of the one-year period of limitations.

---

[4] 28 U.S.C.A. § 2244(d)(2)(West Supp. 2004).

[5] *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

4

In his written objections, petitioner Brown again argues for equitable tolling of the limitations period. These objections are rejected for the same reasons stated by the magistrate judge at page 5, footnote 6, of his report, and for the reasons stated in the respondent's answer at pages 4-6. Also, Brown contends that he did not timely receive notice of the September 2001 judgments adjudicating guilt, and that such delay amounts to state action that prevented him from filing, entitling him to a different limitations commencement date under 28 U.S.C. § 2244(d)(1)(B).

First, the Court notes this argument appears to be an effort to circumvent Fifth Circuit authority that holds that finality under 28 U.S.C. § 2244(d)(1)(A) depends upon when a judgment becomes final, not when the petitioner receives notice or becomes aware that the judgment is final.[6] Furthermore, this Court doubts that the inaction of a court could be deemed "State action" under § 2244(d)(1)(B), but even if so, Brown has not shown that the failure to notify him of the issuance of a judgment is a violation of the Constitution or laws of the United States, nor has he shown that he was prevented from filing. Brown's objection based upon § 2244(d)(1 )( B) is overruled.

Having rejected Brown's arguments that the limitations period commenced under § 2244(d)(1)(B) and that he is entitled to equitable tolling, but holding that the limitations period for

---

[6]*See Crutcher v. Cockrell,* 301 F.3d 656, 657 (5th Cir. 2002), *citing Giesberg v. Cockrell,* 288 F.3d 268, 270 (5th Cir.), *cert. den'd,* 537 U.S. 1072 (2002) and *Lookingbill v. Cockrell,* 293 F.3d 256, 262 (5th Cir. 2002), *cert. den'd,* 537 U.S. 1116 (2003)(other citations omitted).

5

challenges to a proceeding in which the Court initially defers adjudication does not commence, for purposes of 28 U.S.C. § 2244(d)(1)(A), until the expiration of the time for seeking direct review of the adjudication of guilt, the Court concludes that Brown's petition under 28 U.S.C. § 2254 is barred by the one-year period of limitations and must be dismissed with prejudice.

It is therefore ORDERED that the findings, conclusions, and recommendation of the magistrate judge, except as modified with regard to the applicable date of finality under 28 U.S.C. § 2244(d)(1)(A), be, and are hereby, ADOPTED.

It is further ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, DISMISSED WITH PREJUDICE.

SIGNED May 31, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

6